# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GEORGE CURLEY,

       Petitioner,

v.                                          CIV No. 01-1442 MV/LFG

JOHN SHANKS, et al.,

       Respondents.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1.      This is a proceeding on a petition for writ of habeas corpus under 28 U.S.C. § 2254, filed December 26, 2001. [Doc. 1]. Respondents filed an Answer [Doc. 11] on February 6, 2002, and a separate Motion to Dismiss [Doc. 9] on the same day. Petitioner George Curley ("Curley") filed a response to the Motion to Dismiss [Doc. 12]. He currently is confined at the New Mexico State Penitentiary in Santa Fe, New Mexico.

2.      Curley pled no contest to the charge of Aggravated Assault on a Peace Officer and admitted to being a habitual offender. [Doc. 11, Ex. G.] He was sentenced in the Twelfth Judicial

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

District Court, Otero County, New Mexico, for a total period of incarceration of eight years (State v. Curley, CR 96-203). [Id., p. 2.]

3. As grounds for federal habeas review, Curley generally alleges that the Department of Corrections ("DOC") improperly removed 20 months[2] of "good time" from his basic sentence. In support of this single claim, Curley refers to a number of attachments to his § 2254 petition, including his two previous state court habeas petitions. [Doc. 1.] In the state court petitions, Curley argues that the DOC improperly prolonged his sentence and that this improper "enhancement" should be set aside. [Curley's First Judicial District Court habeas petition, attached as Ex. 0 to Doc. 11.]

4. In their Answer, Respondents deny that Curley exhausted his state remedies and further assert that his petition is subject to dismissal for failure to state a claim. In their separate Motion to Dismiss, Respondents argue that Curley is procedurally defaulted from bringing some of his claims and that he failed to exhaust his state remedies as to the remainder of the claims. [Doc. 9.] In addition, Respondents contend that Curley failed to state any meritorious claim under 28 U.S.C. § 2254(d).

**Procedural History**

5. Curley did not take a direct appeal from or challenge his conviction in CR 96-203. [Doc. 1.]

*Third Judicial District Court habeas petition: July 13, 2000:*

6. On July 13, 2000, Curley filed his first state court habeas petition in the Third Judicial District Court, Dona Ana County ("Third Judicial District Court petition") [Doc. 11, Ex. O]. In that

---

[2]It is difficult to read Curley's handwriting to determine if he alleges that the DOC revoked 20 or 30 months of good time.

habeas petition, he sought the restoration of earned good time credits that he contended were removed illegally, without due process and without justification.

7. Although it is not entirely clear, it appears that Curley actually claimed he should have received good time credits for two months that he was not granted, due to the DOC's failure to verify his level of education and/or because he was on an approved medical "lay-in" that prevented him from working, while he awaited a new artificial limb. In other words, it does not appear that the DOC revoked good time credit that Curley already had been awarded; instead, Curley's earlier state habeas petitions seem to indicate that he was not credited with certain good time to which he believed he was entitled. [Doc. 11, Ex. O; Good Time Figuring Sheet,[3] attached to Ex. F.]

8. Count II of the Third Judicial District Court petition alleges that he was subjected to cruel and unusual punishment by being committed to administrative segregation and by being denied access to the law library and church, etc. He conceded that his life was in danger but argued that the lock-down was "mental torture." He requested a transfer to a facility out of state. Count II of this petition also refers to a § 1983 lawsuit Curley filed on March 7, 2000, in the United States District Court for the District of New Mexico, CIV No. 00-334 JC/LFG, also regarding threats to his safety and placement in administrative segregation. [Doc. 11, Ex. J.] That lawsuit was dismissed on April 21, 2000. [Doc. 11, Ex. K.] Curley appealed to the Tenth Circuit, and on April 18, 2001, the Tenth Circuit affirmed the trial court's dismissal. [Doc. 11, Ex. M.]

---

[3]Curley asserted that he was denied two months of good time for the months of April and May, 1999. [Doc. 11, Ex. O, p. 4.] The good-time computations do not reflect that any credits were actually earned and then forfeited for that time period. [Doc. 11, attachments to Ex. F and V.] However, the good time figures attached to Ex. V show an arrow by a June 1999 entry when Curley arrived at SNMCF, with a note stating "two months denied," apparently written by Curley.

3

9. On August 29, 2000, the Third Judicial District judge entered an award appointing counsel for Curley. In an Order, filed February 27, 2001, the court directed the State to file a response within thirty days since Curley had not filed an amended petition. [Doc. 11, Ex. R.] On March 26, 2001, the State filed a timely response although Curley claims he never received it and was unaware of it. [Doc. 11, Ex. S.] On June 21, 2001, Curley moved for default, believing that no response had been filed. [Doc. 11, Ex. T.] On July 30, 2001, the Third Judicial District Court entered an Order denying the habeas petition on its merits. The state court concluded, in part, that the award of good time credits is discretionary and furthermore that the good time figuring sheet did not address the issue of good time forfeiture. [Doc. 11, Ex. U.]

10. Curley did not file a petition for writ of certiorari with respect to the denial of the Third Judicial District Court petition. [Doc. 1.]

### *First Judicial District Court habeas petition: August 28, 2000:*

11. On August 28, 2000, less than two months after filing his first state court petition, Curley filed another habeas petition in the First Judicial District Court, Santa Fe County ("First Judicial District Court petition"). [Doc. 11, Ex. V.] Curley was imprisoned at the Southern New Mexico Correctional Facility ("SNMCF") in Las Cruces, New Mexico at that time. [Doc. 11, Ex. V, p. 2.] As of February 21, 2002, the date of Curley's response to the Motion to Dismiss, this second habeas petition remained undecided by the First Judicial District Court. As of today, this Court has no information that the second habeas petition has been resolved by the state court.

12. One of the claims in the First Judicial District Court petition is the same or similar to the claim contained in the earlier habeas petition, regarding Curley's allegation that he should have

4

been awarded two months good time related to his educational level and/or medical lay-in time. [Doc. 11, Ex. V, pp. 3-4.]

13. The second issue raised in the First Judicial District Court petition concerns a rule infraction committed by Curley with respect to Curley's removal of a communications cable from the floor in a disciplinary pod. A hearing was held with respect to this disciplinary issue, and Curley was assessed 25 days of disciplinary segregation and 50 days of lost earned good time. [Doc. 11, Disciplinary Decision, July 18, 2000, attached to Ex. V.] Curley argued in his petition that he was denied his liberty interest without due process because he was not permitted to call witnesses at the disciplinary hearing. He also asserted that there was not substantial evidence to support the removal of good time.

14. The third issue raised in this second state court habeas petition concerned allegations of additional rule infractions by Curley. He was charged with willfully refusing to obey a lawful order. After a hearing, Curley was placed in segregation for 25 days and forfeited 90 days of good time credit.[4] The disciplinary decision indicated that this was Curley's third major misconduct report in one year. [Doc. 11, Disciplinary Decision, August 18, 2000, attached to Ex. V.] Curley again argues that his liberty interest in good time credits was denied without due process at the hearing because he was not permitted to call witnesses. He also asserts that there was not substantial evidence to support the decision. With respect to both disciplinary decisions, Curley claimed that the

---

[4]The total good time lost, reflected in these two disciplinary decisions is 140 days, which amounts to about four-five months. Curley also alleged, as explained above, that he was entitled to two additional months of good time in 1999. Even if Curley's good time claims were successful, it would seem that only seven months of good time is in dispute, rather than the 20 or 30 months alleged in his federal habeas petition. The Court notes that in a later pleading filed in the First Judicial District, Curley argues about 270 days of good time were improperly taken from him. [Doc. 11, Ex. CC.] There appears to be no documentation or confirmation regarding this alleged loss.

violations involved minor rule infractions rather than major infractions that implicated a loss of good time credits.

15. On October 27, 2000, the First Judicial District judge appointed counsel for Curley. [Doc. 11, Ex. W.]

16. On November 21, 2000, Curley's attorney filed a notice that he would not submit an amended petition. [Doc. 11, Ex. X.]

17. Neither the parties, nor the First Judicial District Court apparently took any action on this matter until a little less than a year later. For example, no Order was entered directing the State to file a response, and no response was filed.

18. On about August 16, 2001, Curley's attorney filed a request for hearing. The Court granted the request and set the case for hearing on October 12, 2001. [Doc. 11, Ex. Z.]

19. On August 21, 2001, the State filed a motion to vacate the hearing based on its position that an evidentiary hearing could not be held on the petition until the Court ordered a response to be filed. The State also argued that the First Judicial District Court petition might be duplicative of Curley's petition in the Third Judicial District, since the two were filed less than two months apart. Although the State may not have known it as of August 21, 2001, the Third Judicial District Court had denied Curley's first habeas petition at the end of July 2001.

20. On September 27, 2001, the First Judicial District Court vacated the October 12 hearing and directed Curley's attorneys in the two habeas matters to confer with each other about the two petitions and whether Curley intended to proceed with the First Judicial District Court petition. [Doc. 11, Ex. BB.]

21. In October 2001, Curley filed a hand-written request for an Order compelling the State to respond to the hearing and for a hearing. Curley also filed a motion for release order and a request to present his own defense with standby counsel. [Doc. 11, Ex. CC, DD.]

22. In an undated letter to Curley from his attorney (with a handwritten date of December 2001 on the top of the first page), counsel attempts to confer with Curley regarding the state court's request regarding possible duplicative habeas petitions. Counsel informed Curley that the first claim in the second petition is duplicative of the claim contained in the Third Judicial District Court petition and that it was denied by that court. Counsel recommended informing the First Judicial District Court that Curley wished to proceed on issues two and three (regarding the disciplinary hearings), even though Curley's counsel did not overemphasize the strength of those claims. [Doc. 11, Ex. FF.]

23. On January 8, 2002, Curley's attorney filed a Memorandum to the Court, stating that Curley intended to proceed with the First Judicial District Court petition on issues two and three. [Doc. 11, Ex. GG.] This Court has no additional information regarding further activity on Curley's First Judicial District Court petition and assumes it is still pending before the state court.

## Analysis

### § 2254 and § 2241 Petitions

24. Although Curley identifies his federal habeas petition as a § 2254 petition, it actually is a § 2241 petition. The Tenth Circuit has held that a 28 U.S.C. § 2241 habeas petition is the appropriate means by which to seek the restoration of good time credits. Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987). In other words, challenges to the implementation of a sentence rather than to the basis for the sentence should be brought under § 2241. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). It makes little difference with respect to the issue of exhaustion and/or

procedural default since those rules are applied in the same manner to both § 2241 or § 2254 petitions. Id. at 866. *See also* Kokinda v. Saffle, ___ F.3d ___, 2002 WL 120541 at *1, n. 2. (10th Cir. Jan. 30, 2002) (Oklahoma procedural default rules apply equally to § 2241 or § 2254 petitions).

### Exhaustion of State Remedies

25. A federal court may consider a petition for writ of habeas corpus only after the petitioner first presents his claims to a state court and exhausts his state remedies, unless "there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack. Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). The Tenth Circuit also has held that a state prisoner does not fully exhaust state remedies without timely seeking certiorari review with the state supreme court. Barnett v. LeMaster, 167 F.3d 1321, 1323 (10th Cir. 1999) (*citing* Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992)); Watson v. State of New Mexico, 45 F.3d 385, 387 (10th Cir. 1995).

26. A state prisoner bringing a federal habeas petition bears the burden of showing he exhausted state remedies. Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), *cert. denied*, 506, U.S. 924, 113 S.Ct. 347 (1992). Failure to exhaust state remedies may result in the dismissal of a habeas petition. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198 (1982). Strict enforcement of the exhaustion requirement encourages habeas petitioners to exhaust all of their claims in state court and to present a single habeas petition to federal. Id. at 520. In so doing, the district court will be more likely to review all of the claims in a single proceeding and provide a more focused and thorough

review.  Id.  Exhaustion may be waived if "state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions" or if there is an inordinate or unjustifiable delay for which the state is responsible.  Bartone v. United States, 375 U.S. 52, 54, 84 S.Ct. 21 (1963) (*per curiam)*; Lane v. Richards, 957 F.2d 383, 365 (7th Cir.), *cert. denied*, 113 S.Ct. 127 (1992).

27. Although generally alleged, Curley's federal habeas claims are read to include allegations concerning the forfeiture of good time credits that were raised in the two state court petitions.  There are three possible claims regarding good time:  (a) two months of good time that were not awarded to Curley related to medical "lay-in" and/or his educational level; (b) loss of good time related to disciplinary action for removal of cable; and (c) loss of good time related to disciplinary action for failure to obey lawful order.

### *Good Time Claim "a":*

28. Curley did not fully exhaust his state remedies with respect to claim "a", which was asserted in his first state habeas petition,[5] because he did not file a petition for writ of certiorari after the state court's denial of that petition.  The certiorari deadline in habeas cases is phrased in mandatory terms: "Petitions for writs of certiorari shall be filed with the supreme court clerk within thirty (30) days of the district court's denial of the petition." N.M.R.App.P. 12-501(B).  Curley's petition for writ of certiorari would have been due no later than thirty days after the Third Judicial District Court's denial was issued on July 30, 2001.  Curley no longer can timely file a petition for writ of certiorari as to that claim and therefore, the claim would be procedurally defaulted, unless he could show cause or prejudice, which he has not done.  *See* Ortega v. Williams, 3 Fed. Appx. 722,

---

[5]Although also included in his second state habeas petition, Curley indicated to that Court that he was not proceeding with this claim since it already had been addressed and dismissed by the Third Judicial District Court.

723, 2001 WL 28019 at *1 (10th Cir. Jan. 11, 2001) (late filed petition for writ of certiorari as to state court's denial of habeas petition resulted in procedural default of federal petition); Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) ("[I]f a petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief.").

29. Even if the Court addressed good time claim "a" on the merits, it would be denied. A federal court is precluded from granting habeas relief on any claim adjudicated on the merits by the state courts, unless the proceeding resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); Smallwood v. Gibson, 191 F.3d 1257, 1264-65 (10th Cir. 1999), *cert. denied*, 531 U.S. 833, 121 S.Ct. 88 (2000). "Federal habeas courts do not sit to correct errors of fact or to relitigate state court trials. Our jurisdiction is limited to ensuring that individuals are not imprisoned in violation of the Constitution." Thompson v. Oklahoma, 202 F.3d 283 (Table, text in Westlaw), No. 98-7158, 2000 WL 14404, at *6 (10th Cir. Jan.10, 2000), *cert. denied*, 530 U.S. 1265, 120 S.Ct. 2725 (2000).

30. With respect to good time claim "a", the Third Judicial District Court concluded that an award of good time credits is discretionary with prison officials and not subject to judicial review without a showing that prison officials exercised their discretion in an abusive or capricious manner. [Doc. 11, Ex. U.] The state court's finding does appear to involve *any* application of clearly established federal law and certainly is not an unreasonable determination of the facts based on the

evidence presented. Therefore, good time claim "a" will be dismissed, with prejudice, for failure to timely exhaust state remedies and/or on the merits.

### *Good Time Claims "b" and "c":*

31. Good time claims "b" and "c" have not been exhausted since the only state habeas petition raising them has not yet been decided. Therefore, claims "b" and "c" are premature and will be dismissed, without prejudice, so that Curley can re-file this petition, should he elect to do so, after full exhaustion of the second state petition. Judd v. Dantis, 203 F.3d 835 (Table, Text in Westlaw), 2000 WL 123755 at *1 (10th Cir. Feb. 2, 2000) (federal habeas petition that contains unexhausted claims should be dismissed without prejudice); Anderson v. Bruce, 28 Fed. Appx. 786, 2001 WL 1345101 at *2 (10th Cir. Nov. 1, 2001) (affirming federal district court's dismissal of habeas petition that was premature because of petitioner's state habeas petition that was still pending before state court); Loggins v. Kansas, 221 F.3d 1352 (Table, Text in Westlaw), 2000 WL 1089506 (10th Cir. Aug. 4, 2000) (denying request for certificate of appealability where federal district court dismissed habeas petition without prejudice for failure to exhaust state remedies since state habeas petition was still pending).

32. This Court recognizes that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") authorized the review and denial of a petition on the merits despite failure to exhaust state remedies. 28 U.S.C. § 2254(b)(2). The AEDPA codified the United States Supreme Court's holding in Granberry reasoning that "if the court of appeals is convinced that the petition has no merit, a belated application of the exhaustion rule might simply require useless litigation in the state courts." Hoxsie v. Kerby, 108 F.3d 1239, 1242-43 (10th Cir.), *cert. denied*, 522 U.S. 844, 118 S.Ct. 126 (1997). The Supreme Court further explained that where the district court is convinced that an

unexhausted claim is without merit, or that the issue is easily resolvable against the defendant or petitioner, the court may reach and deny the merits of the claim. Lambrix v. Singletary, 520 U.S. 518, 525, 117 S.Ct. 1517 (1997). The interests of comity and federalism may be better served by addressing the merits of the claim despite failure to exhaust. Hoxsie, 108 F.3d at 1242-43; Rudolph v. Galetka, 2000 WL 293706, at *1 (10th Cir. March 21, 2000).

33. It might very well better serve the interests of comity and federalism in this case to analyze and deny claims "b" and "c" on the merits. For example, it appears from the record presented that Curley received proper notice of the disciplinary hearings, that witness statements were presented even if Curley was not permitted to present live testimony from those witnesses, and that there was "some evidence" to support the disciplinary decisions based on Curley's own admissions. However, the cases indicating that unexhausted claims may be addressed on the merits do not appear to involve failure to exhaust in the context of a current state habeas petition that still was pending. Instead, unexhausted claims are addressed and denied on the merits to avoid requiring the petitioner to initiate a state habeas petition and then return to federal court. In cases where a state habeas petition is already pending, without a resolution, the federal district court typically dismisses the case, without prejudice. *See* cases discussed *supra* at ¶ 30. "It makes no sense to permit parallel state and federal proceedings . . ., and allowing the federal petition to proceed to an adjudication on the merits while [the] state post-conviction petition is pending would offend the notions of federal-state comity which underlie section 2254's exhaustion requirement." Hollins v. Gramley, 1995 WL104415 (7th Cir. March 9, 1995) (*citing* Granberry v. Greer, 481 U.S. 129, 131 (1987)). Such is the case here. Because Curley's state habeas petition has not been resolved in the court of first resort, it would be an inappropriate use of scarce judicial resources to allow parallel proceedings.

34. The Court also recognizes that Curley appears to argue that it would have been futile to have waited for the First Judicial District Court to decide the second habeas petition and/or to have filed a petition for writ of certiorari with the New Mexico Supreme Court after the Third Judicial District Court's denial of the first habeas petition. Curley asserts that the state court proceedings were "grossly delayed" and that he had "no proper remedy to appeal." [Doc. 1.] In his response to Respondents' Motion to Dismiss, he argues that "state remedies must be available to petitioner at time he files federal petition and remedies must be meaningful . . . ." [Doc. 12, p. 3.] He also contends that the habeas petition before the First Judicial District Court was inexplicably delayed for 1 ½ years. [Id.] Therefore, he believes that the exhaustion requirements should be waived.

35. "[T]he mere recitation of futility is not sufficient. Exhaustion is required unless there is 'no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.'" Teagle v. Champion, 21 Fed. Appx. 790, 792, 2001 WL 1117097 at *2 (10th Cir. Sept. 24, 2001) (internal citations omitted).

36. Here, as recently as December 2001, Curley's counsel apparently wrote him a letter discussing the possible merits of his good time claims and how to proceed with the habeas petition before the First Judicial District Court. In January 2002, his attorney filed a Memorandum with the state court advising the court, as requested, of the status of the petition. This Court has no reason to think that the state habeas matter is not proceeding at this point and/or that Curley has no opportunity to obtain redress from that court. Although it is somewhat inexplicable why nothing occurred in the case before the First Judicial District Court between November 2000 (when Curley's counsel indicated no amended petition would be filed) and August 2001( when Curley's counsel requested a hearing), this Court does not conclude that Curley no longer has any meaningful remedy

13

available before that Court or that the delay was inordinate. That is especially true since the matter seems to be proceeding as of earlier this year and because some of the confusion and/or delay may have resulted from Curley's decision to file two state habeas petitions in two different courts, within less than two months of each other.

## **Recommended Disposition**

That Curley's § 2254 petition [doc. 1] be denied, and further that his claim regarding good time credits he believes should have been awarded for a two-month period (claim "a") be dismissed with prejudice, and that the other two claims regarding the forfeiture of good time in relation to disciplinary decisions (claims "b" and "c") be dismissed, without prejudice.

*[signature]*
Lorenzo F. Garcia
United States Magistrate Judge